UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS MICHAEL MINTUN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CORIZON HEALTH, INC., SELAH WORLEY, GEN BREWER, and RONA SIEGERT,<br><br>　　　　Defendants. | Case No. 1:21-cv-00124-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Dennis Michael Mintun was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed on his claims against two of the individual defendants.

**REVIEW OF COMPLAINT**

### 1. Factual Allegations

Plaintiff asserts that he suffers from serious ongoing back pain, as well as "potential weakening," "possible loss of eyesight," loss of use of his left thumb and wrist in his day-to-day activities, and serious pain in his left ankle. Dkt. 3, p. 2. Plaintiff asserts that Defendants have ignored and refused to treat these conditions. He brings Eighth Amendment claims against the prison medical provider, "Corizon Health, Inc.," and three prison health care providers, Selah Worley, Rona Siegert, and Gen Brewer.

### 2. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff

must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As to the objective standard, the Supreme Court has explained that, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The United States Court of Appeals for the Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As to the subjective factor, to violate the Eighth Amendment a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*,

511 U.S. at 835. Stated another way, deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Medical negligence or malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Rather, a constitutional tort requires the plaintiff show subjective deliberate indifference by bringing forward facts demonstrating that the defendant acted deliberately, intentionally, or so recklessly that the conduct can be equated with a desire to inflict harm. *See Farmer*, 511 U.S. 835-38. Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Only those persons who provided medical treatment or who reviewed the medical treatment to determine whether it was appropriate can be included as named defendants in a civil rights action. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 3. Discussion of Claims Against Corizon

Plaintiff has named Corizon, the prison's contracted private medical provider, as a

defendant. To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Twombly*, 550 U.S. at 555.

Plaintiff has provided insufficient allegations to state a claim against Corizon. Without specific factual allegations about (1) what the Corizon policies were; (2) what the Corizon policy makers actually did, and (3) how the policies caused the medical providers to provide inadequate care, Plaintiff has not stated a claim. For example, he must allege facts raising a plausible inference that the treatment chosen by the individual medical providers, or a detrimental delay in provision of treatment, was not due to the providers'

own independent decisions regarding how to conservatively treat Plaintiff's condition, based on their educational training and work experience—because individual decisionmaking of that nature is not policy-based. An official's erroneous act or omission does not necessarily mean that the entity has a policy encouraging or requiring that act or omission.

Plaintiff may amend his Complaint within the deadline specified below to state additional facts after he has received disclosures from defendants and conducted his own discovery to determine the reasoning behind the individual defendants' decisions and acts. If he has no facts supporting a policy-based claim, he should not include Corizon in the amended complaint.

## 4. Discussion of Claims against Individual Defendants

Plaintiff brings suit against medical providers Selah Worley, Rona Siegert, and Gen Brewer. Plaintiff has stated sufficient allegations that Worley and Siegert personally participated in denial of appropriate treatment to Plaintiff. However, he included Gen Brewer's name in the caption of the Complaint, but did not state allegations against her in the body of the Complaint. He may file an amended complaint including allegations against this Defendant if he desires.

## 5. Supplemental State Law Claims

Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and

federal claims which one would ordinarily expect to be tried in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The Court will liberally construe the Complaint to include claims of negligence against the individual defendants,[1] but the Court declines to exercise jurisdiction over state law claims against Corizon unless Plaintiff first states a federal claim upon which relief can be granted against that particular Defendant.

## 6. Conclusion

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

**ORDER**

**IT IS ORDERED:**

1.  Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. A Disclosure and Discovery Order will issue to aid Plaintiff in obtaining his medical

---

[1] To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004).

records. The Court will reconsider appointing counsel at a later date, without the need for Plaintiff to file a motion, if it appears that appointment of counsel is appropriate.

2.  Plaintiff may proceed on the Eighth Amendment claims against Defendants Worley and Siegert. All other claims against all other Defendants are DISMISSED, and Corizon, Inc., and Gen Brewer are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[2]

3.  Defendants Selah Worley and Rona Siegert will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Federal Rule of Civil Procedure 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

---

[2] Any amended complaint must contain all of Plaintiff's allegations in a single pleading; the amended complaint will replace the original Complaint. Therefore, defendants and claims from the original Complaint that are not included in the amended complaint will no longer be considered part of this case. *See* Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.").

a. Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706 on behalf of Defendant Rona Siegert.

b. J. Kevin West and Dylan A. Eaton, Parsons Behle, 800 W. Main Street, Suite 1300, Boise, ID 83702, on behalf of Defendant Selah Worley.

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7.    Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8.    Dispositive motions must be filed no later than 300 days after entry of this Order.

9.    Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10.   The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11.   All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to

Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: June 30, 2021

David C. Nye
Chief U.S. District Court Judge